Nancy BURTON, Petitioner,

v.

**UNITED STATES of America and
United States Nuclear Regulatory
Commission, Respondents,**

**Entergy Nuclear Operations, Inc.,
Respondent–Intervenor.**

No. 09–0005–ag.

United States Court of Appeals,
Second Circuit.

Nov. 23, 2009.

Nancy Burton, Law Office of Nancy Burton, Esq., Redding Ridge, CT, pro se.

James Adler, United States Nuclear Regulatory Commission, (John E. Arbab, United States Department of Justice, Environment & Natural Resources Division, Washington, D.C., on the brief), Rockville, MD, for Respondents.

Catherine Masters, Schiff Hardin, LLP, Chicago, IL, for Respondent–Intervenor.

Present: ROBERT D. SACK, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Nancy Burton challenges a decision of the United States Nuclear Regulatory Commission ("NRC"), which denied two petitions she filed in a license-renewal adjudication relating to the nuclear power facilities at Indian Point. In the first petition, petitioner applied for a waiver of certain generally applicable NRC regulations during the license-renewal adjudication in question. In the second petition, petitioner sought to intervene in the adjudication in order to present evidence that would otherwise be barred by the regulations for which she sought the waiver. The Atomic Safety and Licensing Board denied both petitions, and the NRC denied petitioner's appeal of those conclusions. Relying on 28 U.S.C. § 2342(4), petitioner now challenges the NRC's decision.[1] We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

1. In the proceedings before the NRC, petitioner filed both petitions jointly, as an individual and on behalf of the Connecticut Residents Opposed to Relicensing of Indian Point ("CRORIP"). In her petition to this court, however, petitioner only signed the petition in her individual capacity. The omission of CRORIP is immaterial to our analysis, and the same result would obtain if that organization had been named as a party to these proceedings.

Our review of a final order of the NRC is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* Pursuant to the APA, petitions for review of the NRC's decisions must be denied unless the agency's conclusions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(a). Thus, our review is "narrow" and "highly deferential"; "[t]he test here is primarily one of rationality." *County of Rockland v. U.S. Nuclear Regulatory Comm'n,* 709 F.2d 766, 776 (2d Cir.1983) (quotations omitted). " 'If the [NRC] based its order on substantial relevant evidence, fairly ascertained, and if it has made no clear error of judgment, this court is not authorized to overturn that order.' " *Id.* (quoting *Cross–Sound Ferry Servs., Inc. v. United States,* 573 F.2d 725, 730 (2d Cir.1978)).

Upon review of the instant petition, we conclude that petitioner has failed to demonstrate that the NRC acted arbitrarily or capriciously in denying her waiver petition. Absent such a waiver, it cannot be said that the NRC ran afoul of the APA by denying petitioner's application to intervene in the license-renewal adjudication. We have considered petitioner's remaining arguments and find them to be without merit. Accordingly, the petition is hereby **DENIED.**